IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONTA RUSSELL-EL, # 192899,      :

      Plaintiff,                      :

vs.                              :     CIVIL ACTION 09-0120-WS-N

WARDEN CULLIVER, et al.,      :

      Defendants.                  :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed

a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for

appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Upon

consideration, it is recommended that this action be dismissed without prejudice, prior to

service of process, for failure to state a claim upon which relief can be granted pursuant to

28 U.S.C. §1915(e)(2)(B)(ii).

I. Complaint.  (Doc. 1).

Plaintiff names Warden Grantt Culliver and Captain Bishop as defendants to this

action.  He provides only a general description of his claim.  In this description he alleges

that for sixty days or more he was in an unsanitary cell with defective plumbing.  The

facts offered in support are the cell did not have running water so he could drink water as

needed and that an officer had to flush his toilet every ten to twelve hours.  Plaintiff

further alleges that the defendants had other cells available but refused his request to be

moved to a cell with working plumbing.  Plaintiff complains that he was required to smell

his body waste every day.  For relief, plaintiff seeks $96,000 in damages, a handwritten apology, and an immediate transfer.

II.    Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937,1948, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"

_____

[1]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Bilal, 251 F.3d at 1348-49.

Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed2d 652 (1972). However, the Court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III.    Discussion.

The Constitution does not require that places of incarceration be comfortable. Rhodes v. Chapman, 452 U.S. 337,  349, 101 S.Ct. 2392, 2401, 69 L.Ed.2d 59 (1981). Rather, all that is required is that the State furnish "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978);[2] see Helling v. McKinney, 509 U.S. 25, 32,

_____

[2]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986).  Prison conditions violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 346, 101 S.Ct. at 2399.

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must satisfy both an objective component and a subjective component. Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 1983, 128 L.Ed.2d 811 (1994). The objective component requires the Court to look to "contemporary standards of decency," to determine whether the challenged condition resulted in a deprivation of "the minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399, or, at a minimum, of a "single human need," Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991); see Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994).  Moreover, the challenged condition must be "extreme . . . [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society[.]'"  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).  "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."  Wilson, 501 U.S. at 305, 111 S.Ct. at 2327; Jordan, 38 F.3d at 1564.

The subjective component requires that prison officials be "deliberately indifferent" to a substantial risk of serious harm.  Farmer, 511 U.S. at 828-29, 114 S.Ct. at 1974.  "[A] prison official cannot be found liable under the Eighth Amendment for

denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. at 1979. "A plaintiff must also show that the constitutional violation caused his injuries." Marsh v. Butler County, Ala., 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

Plaintiff claims that he did not have water available from his sink when he wanted a drink. He does not state that he did not have water or liquids available from other sources, such as with his meal, with a snack, or when he showered. In addition, plaintiff does not state that he could not have a cup or a bottle of water in his cell. Furthermore, he has not alleged that the deprivation of water on demand caused him any injury. Thus, the allegations reflect only that plaintiff was inconvenienced by not having immediate access to running water (and may have had some discomfort although none is specifically alleged). Williams v. Delo, 49 F.3d 442, 445-46 (8th Cir. 1995) (finding that the plaintiff's constitutional rights were not violated during his four-day stay in a strip cell where the water was turned off because, among other things, he was given three meals a day with milk, and noting there were no allegations of injury); Wilson v. Timko, 972 F.2d 1348, 1992 WL 185446, at *3 (9th Cir. 1992) (unpublished) (finding that the turning off of water which kept plaintiff from flushing his toilet or taking a shower for two and a half days did not result in the denial of basic needs as he was provided drinking water, among other things, every few hours); Toney v. Fuqua, CA 07-00079-CG-B, 2009 WL 1451645,

at *3 (S.D. Ala. May 20, 2009) (unpublished) (finding that turning off the water to plaintiff's cell for four days, among other things, did not violated the minimal civilized measure of life's necessities); Gross v. White, 2008 WL 2795805, at *9 (M.D. Fla. July 18, 2008) (unpublished) (finding the complaint failed to state a claim based on plaintiff's allegations that, among other things, the water was turned off to his isolation cell for thirty-six hours, which was found to be a minor discomfort in light of the absence of allegations that the prisoner was not deprived of food or liquids), aff'd, 340 Fed. Appx. 527 (11th Cir. 2009)

Turning to plaintiff's allegations about the officer having to flush the toilet every ten to twelve hours because the plumbing was defective. It would appear, based on this allegation, that the plumbing was not totally defective because the toilet could in fact be flushed. There are no allegations that plaintiff's waste was not removed. Although the Court can discern that there may be odors related to this procedure, the situation, as alleged in the complaint, does not show a deprivation of the minimal civilized measure of life's necessities or deprivation of single human need. White v. Marshall, 2008 WL 4826283, at *3-4, *9 (M.D. Ala. Nov. 5, 2008) (unpublished) (holding that the plaintiff's confinement for thirty days in a paper gown to the jail's strip cell that did not have a mattress, blanket, commode, wash basin, personal hygiene items, a lightbulb, or ventilation, but did have a drain or hole for disposal of human waste, and the inability to take a shower or exercise for twenty days were not deprivations of "the minimal civilized measures of life's necessities").

The Court is aware from handling prisoner actions and from case law that aside from plumbing problems, prison officials will turn off water to an inmate's cell for a variety of reasons, the chief reason being that the inmate has flooded or may flood his cell and surrounding areas. See, e.g., Beckford v. Portuondo, 151 F. Supp.2d 204, 211 (N.D.N.Y. June 29, 2001) (finding that turning off the water for six days to the cell because plaintiff had flooded his cell did not deprive him of the minimal civilized measures of life's necessities when he had other access to water as "prisoners are [not] entitled to complete and unfettered access to water or showers[]") (citation omitted). No indication is given by plaintiff that the water to his cell was turned off for some penological reason.

Thus, accepting plaintiff's allegations as true under Iqbal, ___U.S. at ___, 129 S.C.t at 1949-50, the allegations do not permit the Court to draw a conclusion that plaintiff was deprived of the minimal civilized measure to life's necessities by the temporary lack of water in plaintiff's cell, caused by the defective plumbing. Plaintiff's allegations are insufficient to show that he was deprived of water or liquids to the point of sustaining an injury or being injured. LaMarca v. Turner, 995 F.2d 1526, 1539-40 (11th Cir. 1993) (requiring that injury be connected to a defendant's deliberate indifference to the constitutionally infirm condition). Similarly, his allegations do not have the heft to show that he was deprived of sanitation to the point of sustaining an injury or being injured. (Id.). As pled, plaintiff's claims are merely speculative and do not have the plausibility necessary for the Court to find that the temporary lack of water caused by

defective plumbing caused a deprivation of a single human need.

As case law has stated, prisons are not comfortable places. Rhodes, 452 U.S. at 349, 101 S.Ct.. at 2401. "Indeed routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the 'amenities, conveniences, and services of a good hotel.'" Williams v. Berge, 102 Fed.Appx. 506, 507 (7th Cir. June 24, 2004) (citation omitted) (unpublished). The Court thus concludes that plaintiff's allegations do not demonstrate an extreme condition that resulted in a deprivation of the minimal civilized measure of life's necessities or a single human need. The objective component of an Eighth Amendment has not been satisfied, and consequently plaintiff has failed to state an Eighth Amendment claim.[3]

IV.     Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[3] Since the court has determined that plaintiff has failed to meet the objective component of an Eighth Amendment claim, it need not reach the subjective component of the analysis. *See* Chandler v. Crosby, 397 F.3d 1278, 1297 (11th Cir. 2004) (declining to discuss the subjective component when the inmate failed to meet his burden on the objective component).

**DONE** this <u>16th</u> day of April 2010.

<div style="margin-left: 40%;">

<u>/s/ Katherine P. Nelson</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

</div>

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.      <u>Objection.</u>  Any party who objects to this recommendation, or anything in it, must, within
fourteen days of the date of service of this document, file specific written objections with the
Clerk of this Court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of
anything in the recommendation and will bar an attack, on appeal, of the factual findings of the
Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir.
1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en <u>banc</u>).  The procedure for
challenging the findings and recommendations of the Magistrate Judge is set out in more detail in
SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a
> dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's Recommendation" within
> fourteen days[4] after being served with a copy of the recommendation, unless a
> different time is established by order.  The statement of objection shall specify
> those portions of the recommendation to which objection is made and the basis for
> the objection.  The objecting party shall submit to the district judge, at the time of
> filing the objection, a brief setting forth the party's arguments that the magistrate
> judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition
> made.  It is insufficient to submit only a copy of the original brief submitted to the
> magistrate judge, although a copy of the original brief may be submitted or
> referred to and incorporated into the brief in support of the objection.  Failure to
> submit a brief in support of the objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the
district judge's order or judgment can be appealed.

2.      <u>Transcript (applicable Where Proceedings Tape Recorded).</u>  Pursuant to 28 U.S.C. § 1915
and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this
case are adequate for purposes of review.  Any party planning to object to this recommendation,
but unable to pay the fee for a transcript, is advised that a judicial determination that transcription
is necessary is required before the United States will pay the cost of the transcript.

                        /s/ Katherine P. Nelson
                        UNITED STATES MAGISTRATE JUDGE

_____

        [4]Effective December 1, 2009, the time for filing written objections was extended to "14
days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).